```
           IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                      WESTERN DIVISION
```

RAMONA MARTIN                                              PLAINTIFF

VS.                           CIVIL ACTION NO. 5:11-cv-142(DCB)(RHW)

RAINBOW CASINO                                             DEFENDANT

                    MEMORANDUM OPINION AND ORDER

This cause is before the Court on the defendant's motion to dismiss, or in the alternative for summary judgment **(docket entry 10)**, and on the plaintiff's motion for recovery of relief **(docket entry 13)** and motion for hearing **(docket entry 19)**.  Having carefully considered the motions and responses, the memoranda of the parties and the applicable law, and being fully advised in the premises, the Court finds as follows:

In this case, the plaintiff, Ramona Martin ("Martin"), proceeding pro se, brings a claim under Title VII for race discrimination, and a claim for violation of the Equal Pay Act ("EPA").  The defendant, Rainbow Casino, contends (1) that the race discrimination claim is barred on statute of limitations grounds; and (2) that the EPA claim fails because Martin has alleged no facts that would give rise to a right of recovery.

In her Amended Complaint, Martin alleges that she was employed with Rainbow Casino from May 20, 2010, to June 18, 2010.  Am. Compl.  She states that she was a Surveillance Observer and that she was fired for sleeping on the job.  Id.  She asserts she was

discriminated against on the basis of her race, and alleges that she once saw a white man sleeping during his shift, and he was not terminated. Id. Martin also alleges that she was discriminated against with respect to her pay. Id. It is her contention that her probationary-period salary should have been higher since she holds a bachelor's degree in criminal justice, with a minor in sociology, from the University of Louisiana at Monroe, and since she had 10 or more years of experience in the workforce. Id. After her discharge, Martin filed an EEOC charge on July 29, 2010. EEOC Charge 7/29/10. It complained only of race discrimination. Id. The EEOC issued a "no cause" finding on February 14, 2011, and Martin received it, along with notification of her right to sue, on Feb 18, 2011. Right-to-Sue Notice 2/14/11.

    Martin filed a pro se Complaint on September 30, 2011, alleging violations of both Title VII and the EPA. Complaint. Thereafter, Judge Walker entered an Order requiring Martin to file an Amended Complaint. Order 10/27/11. In particular, Judge Walker noted that Martin's "complaint consists primarily of conclusory allegations that [Rainbow Casino] violated [her] rights in terminating her employment" and further explained that it was "devoid of facts" that would allow the Court to make a determination on subject matter jurisdiction. Id. An Amended Complaint was filed on November 3, 2011.

    Rainbow Casino now moves to dismiss the Amended Complaint and

2

requests a final judgment in its favor. A motion to dismiss tests the sufficiency of a plaintiff's complaint. See Guthrie v. Tifco Inds., 941 F.2d 374, 379 (5th Cir. 1991). To survive a motion to dismiss, a plaintiff is required to demonstrate "a claim to relief that it is plausible on its face." Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1974 (2007). When documents of public record reveal that a plaintiff's complaint is not plausible, a court is not required to consider a motion to dismiss as one for summary judgment. Papasan v. Allain, 478 U.S. 265, 269 n. 1 (1986)(In reviewing a Rule 12(b)(6) motion, a court is "not precluded in [its] review of the complaint from taking notice of items in the public record."); see also Stahl v. U.S. Dep't of Agric., 327 F.3d 697, 700 (8th Cir. 2003)("The district court may take judicial notice of public records and may thus consider them on a motion to dismiss."). It is well established that EEOC documents fall within the ambit of materials of which courts may take judicial notice. See, e.g., Cunningham v. Litton Indus., 413 F.2d 887, 889 n.2 (9th Cir. 1969); Larson v. Conewango Products, Corp., 2010 WL 1135987 (E.D. Cal. 2010).

    In the alternative, if a court converts a motion to dismiss to one for summary judgment, summary judgment is proper where there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56©. To avoid summary judgment, a plaintiff must produce evidence "showing

3

the existence of a genuine issue for trial." Foulston Siefkin LLP v. Wells Fargo Bank of Texas N. A., 465 F.3d 211, 214 (5th Cir. 2006). An issue is "material only if its resolution could affect the outcome of the action." Burrell v. Dr. Pepper/Seven Up Bottling Group, Inc., 482 F.3d 408, 411 (5th Cir. 2007).

(1) Title VII Claim

Rainbow Casino moves for dismissal of Martin's Title VII claim on grounds that it is time barred. Receipt of a right-to-sue letter is a statutory precondition under Title VII, and triggers a 90-day-suit-filing period. See Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982); Cruce v. Brazosport Indep. Sch. Dist., 703 F.2d 862, 863 (5th Cir. 1983). Title VII specifically provides that an aggrieved individual has 90 days to bring a civil lawsuit upon receiving a right-to-sue letter from the EEOC. 42 U.S.C. § 2000e-5(f)(1). The right-to-sue form currently used by the EEOC expressly informs charging parties of their right to file a civil action within 90 days of receiving the notice, and it also informs them that, if they do not do so, their ability to sue will be lost. Right-to-Sue Notice 2/14/11; see also 29 C.F.R. § 1601.28(e). The rationale behind the suit-filing period is that, when Congress explicitly places a time limit for enforcement on a right it creates, such a statute of limitations period is definitive. See EEOC v. W.H. Braum, Inc., 347 F.3d 1192 (10th Cir. 2003). The Supreme Court has added that "[p]rocedural requirements

4

established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants." Baldwin County Welcome Center v. Brown, 466 U.S. 147, 152 (1984).  Martin's race claim in this case is plainly barred under the 90-day-suit-filing requirement.  After her termination on June 18, 2010, Martin filed a charge with the EEOC on July, 29, 2010.  EEOC Charge.  A determination and right-to-sue was subsequently received by Martin on February 18, 2011, but she did not initiate this lawsuit until September 30, 2011, which was 134 days after the 90-day-filing period had expired.  Thus, her race discrimination claim contravenes both the express language of Title VII and the express language of the right-to-sue notice sent to her on February 14, 2011.  See 42 U.S.C. § 2000e-5(f)(1); Right-to-Sue Notice 2/14/11.

The plaintiff, in response to the defendant's motion, filed a "Motion for Recovery of Relief," in which she requests a decision in her favor, but does not address her race discrimination claim. A pro se plaintiff is not relieved from demonstrating a cognizable claim for relief.  See Korsunsky v. Gonzales, 461 F.3d 847, 850 (7th Cir. 2006)(pro se plaintiffs must "take those steps required to present and preserve their claims").  The Court therefore finds that Martin's race discrimination claim is barred by the 90-day-suit-filing period, and the defendant's motion to dismiss is well taken.

(2) Equal Pay Act Claim

The plaintiff's EPA claim is not subject to the administrative exhaustion requirement. See <u>Stith v. Perot Sys. Corp.</u>, 122 Fed. Appx. 115, 119 (5th Cir. 2005). However, the defendant contends that Martin has failed to plead facts adequate to support the elements of her claim. See <u>City of Clinton v. Pilgrim's Pride Corp.</u>, 632 F.3d 148, 152-53 (5th Cir. 2010)("[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim.").

To prevail on a wage-discrimination claim under the EPA, Martin must demonstrate that, because of her gender, Rainbow Casino paid her different wages than a male employee who performed equal work, <u>i.e.</u>, a job with equal skill, responsibility, and effort – all under similar working conditions. 29 U.S.C. § 206(d)(1); 29 C.F.R. § 1620.13(a). "Skill includes consideration of such factors as experience, training, education, and ability." 29 C.F.R. § 1620.15(a). "Responsibility is concerned with the degree of accountability required in the performance of the job, with emphasis on the importance of the job obligation." <u>Id</u>. at § 1620.17(a). "Effort is concerned with the measurement of the physical or mental exertion needed for the performance of a job." <u>Id</u>. at § 1620.16(a).

In her Amended Complaint, Martin alleges:

6

> The Plaintiff, MS. MARTIN was not given the appropriate pay according to her education and experience. The Plaintiff, MS. RAMONA MARTIN has a Bachelors Degree in Criminal Justice with a minor in Sociology from the University of Louisiana at Monroe and has 10 years and more of work experience. The Plaintiff, MS. RAMONOA MARTIN was given the lowest and beginning salary for a Surveillance Observer. These facts support the violation of the Equal Pay Act.

Amended Complaint, p. 2. The allegations of the Amended Complaint do not provide the specificity required to support a claim under the EPA. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." Id. at 557. The plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(citing Twombly, 550 U.S. at 556). Martin's sole contention is that she was not paid what she thought she was worth, in light of her educational background and experience. These are not facts from which the Court may infer that similarly situated male employees were paid more for equal work. See Gibson v. Am. Apartment Mgm't Co., 2010 WL 3656038 (E.D. Tenn. Sept. 14, 2010)(dismissing EPA claim on a 12(b)(6) motion because plaintiff did not plead facts sufficient to make out a prima facie case).

The plaintiff's "Motion for Recovery of Relief" does not

7

address the substance of her EPA claim.  Because she has failed to state a claim upon which relief can be granted, the defendant's motion to dismiss is well taken.

The plaintiff's motion for hearing requests "a hearing or trial," on the grounds that "[t]he plaintiff's case and the amended complaint have sufficient and factual evidence to prove discrimination by the defendant."  Motion for Hearing.  However, in light of the plaintiff's failure to survive a Rule 12(b)(6) motion, the Court finds that the plaintiff's motion should be denied.

Accordingly,

IT IS HEREBY ORDERED that the defendant's motion to dismiss **(docket entry 10)** is GRANTED, and the defendant's motion for summary judgment is deemed MOOT;

FURTHER ORDERED that the plaintiff's motion for recovery of relief **(docket entry 13)** and motion for hearing **(docket entry 19)** are DENIED.

SO ORDERED, this the 22nd day of May, 2012.

/s/ David Bramlette
UNITED STATES DISTRICT JUDGE